[Filed January 16, 1888.]

## D. P. THOMPSON, RESPONDENT, *v.* THE WILLAMETTE S. M. L. & MANUF. CO., APPELLANT.

RECEIVER— COMPENSATION OF.—The fact that a receiver may perform duties from which others may derive a benefit, or which he may not be required to perform, but may employ others to do, yet if he chooses to perform such services, and his authority to do it is derived from his office, it furnishes no basis for an extra charge, but is included in his compensation as receiver.

WHEN SAME FIXED BY THE COURT.— When such services are necessary and a part of the duties of his office, the fact that others may be benefited cannot affect his obligation to perform them, or give him any claim in his own right to any other pay than that fixed as the measure of his compensation for discharging all the duties of his office.

EXTRA ALLOWANCE— WHEN MAY BE GRANTED.— Where a receiver performs duties in addition to those ordinarily required, it may form the basis of an application for an extra allowance, which the court may grant.

NOMINAL SERVICES OF.—Where the facts showed that the plaintiff owned no stock in his individual right; that it was only in an official capacity that he was known to the corporation, or eligible to hold its offices; that the services rendered were performed in connection with his receivership for which he had been paid; that such services were merely nominal, the actual duties being, in the main, performed by the vice-president; that it was by virtue of such connection and title that the corporation gave him the presidency, and thereby the power to act for it; *held,* that the corporation's liability for such service was not to him in his own right, but to him in right of the estate to whom he owed, or such service belonged.

Appeal from Multnomah County.   Reversed.

*Dolph, Bellinger, Mallory & Simon,* for Appellant.

*J. K. Kelly, J. C. Moreland,* and *W. Y. Masters,* for Respondent.

Lord, C. J. — This was an action to recover $6,475, as salary for services performed as president of the defendant corporation. To avoid prolixity, the facts may be thus summarized : The plaintiff was appointed a receiver in a certain suit pending between Ben Holliday as plaintiff and Joe Holliday as defendant, and by virtue of his office as receiver, and as part of the property involved in such litigation, there was transferred and delivered to him as such receiver three fifths of all the shares of stock of the defendant corporation, and the same were in due form transferred to him, and in his name as such receiver on the books of the defendant corporation, and that he had no other, nor ever has had any stock in the defendant corporation, except as thus transferred to him as such receiver; that by virtue of holding said stock as such receiver, the plaintiff was elected a director of the defendant corporation by the votes of Weidler and Strong, the other two directors, who held the remaining two fifths of the shares of stock of the defendant corporation, and by them chosen president, after having duly qualified as director; that while acting as such president, the plaintiff exercised supervision over the business of the corporation, and performed some of the duties required of the president, but his actual employment therein engaged only a very small portion of his time and attention, and that the duties which principally belonged to the office of president, and devolved upon him as such, were attended to and performed by Weidler, the vice-president; that the pay or salary of the president of the defendant corporation, prior to the appointment of the plaintiff as receiver, was fixed by a resolution, duly passed, at two hundred and fifty dollars a month, and that such resolution was in full force and effect during the period plaintiff was president of the defendant corporation; that the plaintiff has not been paid by

the defendant corporation any sum whatever as salary for his services as president, but that he was allowed by the court as receiver in the suit aforesaid, and has been paid for his services as such, the sum of five hundred dollars a month, during all of said period, and that his duties as receiver extended to all the property involved in said suit, of which the stock in the defendant corporation constituted but a small portion. Upon this state of facts, the cause having been tried without a jury, the court gave judgment for the plaintiff, and the defendant brings this appeal.

The plaintiff bases his claim to compensation on the ground that the services he performed as president were authorized by and for the benefit of the corporation, and that as the corporation itself was not involved in the litigation, it cannot avoid liability on the theory that the services so performed were incident to his duties as receiver, and for which he had received compensation. He therefore insists, while admitting his relation to the stock, and his duty to take care of and protect it for the interests of the estate in litigation, the same as other property intrusted to his custody as receiver, yet, as the court has no power to appoint a receiver for the corporation, or to make the plaintiff president of it, the services he rendered as such officer could not have devolved upon him, nor have been included in his compensation as receiver. The plaintiff brought this action, and recovered judgment against the defendant for services rendered as president in his own right and for his individual benefit. The facts show that individually he owns no stock in the defendant corporation, and is ineligible to hold the office of president; that the stock assigned and delivered to him, and transferred on the books of the company, is to him in his representative character as receiver, and that it is only in such character he is known to the defendant, eligible to hold its offices, perform the duties thereof, and receive the compensation fixed for such service, and therefore it is only as receiver or representative of the stock in litigation in his custody that he was qualified or elected to hold the office of president.

It is said that he abstained from voting for himself; did not

"cause himself to be elected"; but that the office of president was conferred upon him by the voluntary votes of the other two directors. Whether he voted or not for himself, he could only vote in his representative, and not in his individual capacity; and it was as such he was elected and performed the services, his right to thus act being based on the shares he represented for the estate in litigation, and of which he was receiver. Pending the litigation, his relation to the stock, so to speak, ·was that of the true owner, and he was trustee for him. As that stock constituted a part of the subject-matter in litigation, while it was in his charge, he owed it such duties as the nature of the property and its profitable management required; and as a consequence, his compensation as receiver included such duties or services as are incident to its custody and his office, and which he may have performed in respect to it. In a word, whatever services he may have performed, although done as president, it was done by virtue of his title as receiver, and for such services the admitted facts show he has been paid. It may be true that he was not required to act as president; that Weidler might have been elected to that office, as he did, in fact, perform substantially its duties; but if he undertook to discharge its duties, he acted in his official capacity, and whatever benefit or emolument resulted, or which the defendant corporation became liable to pay, it belonged to the estate which he represented, and entitled him to no additional charge as receiver, much less as an individual.

The fact that a receiver may perform duties from which others may derive a benefit, or even which he may not be required to perform, but may employ others to do, yet if he chooses to perform such services, and his authority to do it is derived from his office, it furnishes no basis for an extra charge for his profit or emolument, but is included in his compensation. If this is true, on what basis can the plaintiff's claim stand? The argument that the services sued for were rendered to the corporation, and not to the estate, which the plaintiff represented, is only partially true, and in a qualified sense. The majority of the stock of the corporation was a part of the estate in litigation

of which the plaintiff was receiver, and by virtue of which he became eligible for, and was elected to the office of president. The business of a corporation is managed for the benefit of its stockholders, and as the estate was the largest stockholder, whatever services he performed, or benefit was derived therefrom, the estate got the major part, and was the largest beneficiary of them.

It is not certain that when the receiver represents the majority, or three fifths of the stock of a corporation, and the interests of the estate, for its protection and security, or profit and benefit, may require that he should assume the management, it is not his duty to do so. If such services are necessary, and a part of the duty of his office, the fact that others may be benefited cannot affect his obligation to perform them, or give him any claim in his own right to any other pay than that fixed as the measure of his compensation for discharging all the duties required of his office. If he is entitled to any further allowance, it should be by special application to the court, with a statement of the circumstances. In his own right, the corporation owed him nothing, nor had he performed any services for it in that character. It only knew him as an agent or trustee, holding the shares in trust for the true owner, as the result proved Ben Holliday, with capacities to represent him at the council board, to take his place as director, and to do such things and perform such services for the corporation as such true owner would be authorized to do. Their books showed the nature of his agency, and the character in which the corporation was authorized to deal with him, and he to act for it. Necessarily, therefore, it would know the nature of the right in which his claim for services or for the salary attached, and that when such services were rendered to the defendant corporation, he rendered them, not in his own title, but by title derived from the estate, and as it were, standing in Holliday's shoes, and consequently he could have no claim for such services, or for the salary in his individual right, or for his individual benefit—the right in which he has sued. As between the plaintiff and the estate, it can hardly be denied that the services might not be treated as included in

his compensation as receiver, on the principle that the profits or emoluments arising from the trust property, or services rendered by the receiver incident thereto and for its benefit, belonged to the estate, and not to him, and that if such compensation had been paid to him, he must have accounted for ·it as part of the gains and profits accruing to the estate. It is stated, as a general rule, that where a receiver acts in more than one capacity, his compensation must be nominal or wholly disallowed, and that the regular allowance made to a receiver for his services must be held sufficient to compensate him for all the labor which he performs in connection with the receivership, and as a result, that he is not entitled to anything in addition thereto. (Beach on Receivers, §§ 768, 769.) No doubt where a receiver performs duties in addition to those ordinarily required, it may form the basis of an application for an extra allowance, which the court may grant. (*Farmers' Trust Co.* v. *C. R. Co.* 8 Fed. Rep. 60.) Now the facts found show that he owned no stock in his individual right; that it was only in a representative capacity that he was known to the corporation, or eligible to hold its offices; that the services he rendered were performed in connection with his receivership, for which he had been paid, and that such services were merely nominal, the actual duties being performed, in the main, by the vice-president; that it was by virtue of such connection and title that the corporation gave him the presidency, and thereby the power to act, or perform services for it, and as a consequence, that its liability for such service was not to him in his own right, but to him in right of the estate to whom he owed, or such services belonged, assuming, of course, the services rendered were such as earned the salary.

It results upon the facts as found that the plaintiff is not entitled to recover, and his complaint must be dismissed.